IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:07-MC-033 |
| | § | |
| VARIETY CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING THIRD PARTY'S MOTION TO QUASH SUBPOENA FOR DEPOSITION *DUCES TECUM*

The following is pending before the Court:

1. Third party motion to quash subpoena for deposition *duces tecum*.

Upon reference from United States District Judge Richard A. Schell, and having considered the third party's motion to quash, the Court is of the opinion that the motion should be granted.

### I. BACKGROUND

David Carroll ("Carroll") is a third party witness in a pending consolidated action in the Southern District of Florida between Dimension Leasing, Inc. ("Dimension") and Variety Children's Hospital ("Hospital"). (Third Party's Mot. 1.) The U.S. District Court in Florida consolidated two cases between Hospital and Dimension because they were "materially similar." (Third Party's Mot. 3.) Prior to filing of the second Florida case, and therefore prior to consolidation, Carroll was deposed and produced documents relating to the first Florida action. (Third Party's Mot. 2.) In connection with the second Florida action, Hospital seeks further document production from and deposition of Carroll. (Third Party's Mot. 4.) Hospital served

Carroll with a subpoena for deposition *duces tecum* on August 8, 2007 noticing Carroll to appear on August 20, 2007. (*Id*. at Third Party Ex. F.) Carroll challenges the instant subpoena *duces tecum* on grounds that it fails to meet the procedural requirements of Rule 45(b)(1) and that it constitutes and undue burden in accordance with Rule 45(c)(3)(A)(iv). FED. R. CIV. P. 45.

## II.  LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs the intricacies of subpoenas in the federal courts. Material to this matter, Rule 45(b)(1) states that service of a subpoena coupled with required attendance at a proceeding shall consist of delivery of a copy of the subpoena and "tendering to that person the fees for one day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The Fifth Circuit Court of Appeals has interpreted Rule 45(b)(1) as requiring tender of these fees contemporaneous with service of the copy of the subpoena. *In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003). A witness is entitled to forty dollars per day as compensation for his attendance at a proceeding. 28 U.S.C. § 1821(b) (2006). In *Dennis*, the court upheld the lower court's decision to quash a subpoena because the required mileage fee was not tendered. *Id*. at 705. That the mileage fee "would have been less than five dollars" was immaterial. *Id*.

Rule 45 also allows courts to quash service of a subpoena if the subpoena "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv). Whether a subpoena constitutes an undue burden is to be decided based on the facts of each case. *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). *Williams* enumerated a non-exclusive list of factors for consideration, including "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are

described, and the burden imposed." *Id*. (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Other factors courts have considered are "the need of the party for the documents, whether the request is cumulative and duplicative, the time and expense required to comply with the subpoena (relative to the responder's resources), and the importance of the issues at stake in the litigation." *Linder v. Calero-Portacarrero*, 180 F.R.D. 168, 174 (D.D.C. 1998).

### III.  DISCUSSION AND ANALYSIS

The subpoena served on Carroll on August 8, 2007 was not accompanied by either the mileage fee or the witness attendance fee. (Third Party's Mot. 6; Aff. of Sean Hornbeck 2.) Under these facts, the command of Rule 45 as interpreted by the Fifth Circuit Court of Appeals requires this Court to find that the subpoena was served in a procedurally deficient manner warranting the Court in quashing the subpoena. FED. R. CIV. P. 45(b)(1).

In addition, the Court finds under the factors listed above that the subpoena constitutes an undue burden on Carroll. The requests for document production and the issues for questioning in the August 8th subpoena are virtually identical to those in the earlier subpoena to which Carroll submitted in October 2006. As such, the request is "cumulative and duplicative," *Linder*, 180 F.R.D. at 174, and Hospital's need for the information is minimal. *Williams*, 178 F.R.D. at 109. The Court therefore finds that the August 8, 2007 subpoena constitutes an undue burden on Carroll as an alternate and sufficient ground on which to quash the subpoena. FED. R. CIV. P. 45(c)(3)(A)(iv).

## IV. CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Third Party David Carroll's Motion to Quash Subpoena for Deposition *Duces Tecum* (docket entry # 1).

IT IS SO ORDERED.

**SIGNED this 22nd day of August, 2007.**

                                                                  *[signature]*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE